**ALLAN SCHUSTER, ALMERIC E. BASCOMBE and ROY BECKLES, Plaintiffs**

**v.**

**ELEANOR L. THRAEN, Individually and in her capacity as Director of the Youth Services Administration, Government of the Virgin Islands, LESLIE A. MILLIN, Individually and in his capacity as Director of Personnel and Secretary, Government Employees Service Commission, GOVERNMENT OF THE VIRGIN ISLANDS, Defendants**

Civil No. 79/243

District Court of the Virgin Islands

Div. of St. Croix

April 18, 1980

MICHAEL STEWART McLAURIN, ESQ., Christiansted, St. Croix, V.I., *for plaintiffs*

WILLIAM C. MURRAY, JR., ESQ., Assistant Attorney General (Department of Law), Christiansted, St. Croix, V.I., *for defendants*

ZIEGLER, *Judge By Special Assignment*

## MEMORANDUM OPINION WITH ATTACHED ORDER

Presently before the Court is the motion of defendants to disqualify plaintiffs' counsel, Michael S. McLaurin. For the reasons set forth herein the motion will be granted.

On or about July 23, 1979, four juvenile residents of the Youth Rehabilitation Center at Anna's Hope, St. Croix, allegedly broke into and ransacked the office of the Administrator and then escaped in the institution's van. The plaintiffs, who were juvenile corrections officers at the facility, were terminated as a result of the incident. Their suit alleges the discharges were arbitrary and capricious, in violation of 3 V.I.C. sec. 527 and in violation of the due process and equal protection clauses of the United States Constitution.

Plaintiffs' counsel, Michael S. McLaurin, Esq., was an Assistant Attorney General for the Government of the Virgin Islands at the time of the incident. In that capacity, he advised the four youths of their rights and consulted with defendant Eleanor L. Thraen, the Director of the Department of Youth Services. Defendants contend that McLaurin must be disqualified as plaintiffs' counsel because he had substantial responsibility in investigating this incident and this raises the appearance of impropriety. We agree.

Ethical Consideration 9-3 of the ABA Code of Professional Responsibility provides:

> After a lawyer leaves judicial office or other public employment, he should not accept employment in connection with any matter in which he had substantial responsibility prior to his leaving, since to accept employment would give the appearance of impropriety even if none exists.

Disciplinary Rule 9-101(B) provides:

> A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee.

■ Disqualification of a lawyer because of prior government employment on a related matter has been strictly enforced under DR 9-101(B). United States v. Ostrer, 597 F.2d 337 (2d Cir. 1979). See also Armstrong v. McAplin, 606 F.2d 28 (2d Cir. 1979) (disqualification of former government lawyer also disqualifies the law firm). The courts have reasoned that to allow an attorney to represent a client in a situation where he may be able to use information, obtained in the course of a former representation of the client's adversary, gives the client an unfair advantage. United States v. Ostrer, supra, at p. 340. Moreover, allowing representation may encourage government attorneys to conduct their offices with an eye toward private employment. Id.

■ In the instant case, it is undisputed that Attorney McLaurin actively participated in the incident that gives rise to this litigation. Under these circumstances, DR 9-101(B) mandates disqualification from continued representation of the plaintiffs.

## ORDER

In accordance with the reasons set forth in the Memorandum Opinion of even date herewith, it is hereby

ORDERED

That defendants' motion for disqualification of Michael S. McLaurin, Esq., be and hereby is GRANTED. It is

FURTHER ORDERED

That plaintiffs obtain new counsel to prosecute their action within forty-five (45) days of the entry of this Order.